UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

JAVEOUS INGRAM,

      Plaintiff,

v.                                                                     Case No: 5:25-cv-251-WWB-PRL

ALL AMERICAN LIFE INC.,
NAZAR HYLTON POWELL,
FARAZ BUTT, and PETER
AFFATATI, JR.,

      Defendants.

---

**ORDER**

Plaintiff, proceeding *pro se*, brought this action under the Telephone Consumer Protection Act and the Florida Telephone Solicitation Act. (Doc. 1). Defendant All American Life Inc. ("All American") is an insurance agency selling various types of insurance products, and the other Defendants—Nazar Hylton Powell, Faraz Butt, and Peter Affatati, Jr.—are owners of All American.

This matter is before the Court on Plaintiff's motion to compel discovery responses from Defendants as to Plaintiff's Requests for Production. (Doc. 15). Specifically, at issue are the following Requests for Production:

No. 1:      All call logs showing calls to Plaintiff

No. 6:      All outbound dialing reports

No. 11:     Internal emails regarding calls to Plaintiff

No. 27:      Documents showing any revenue generated from telemarketing

As to Requests No. 1, 6, and 11, Defendants responded that no responsive documents exist. Defendants explain that All American retained Certik Media to generate consumer leads and inbound calls, and that if any responsive documents exist, they are Certik Media's business records, maintained by Certik Media. The Court cannot compel Defendants to produce documents that they do not have. And Plaintiff cannot overcome Defendants' response by simply arguing that documents should exist. Nor can Plaintiff demand that, in response to the Requests for Production, Defendants provide a written description of the scope of their search, including "custodians, systems, and vendors contacted" and "a sworn declaration describing the search conducted." (Doc. 15 at pp. 4-5, 8-9).

Moreover, it is unclear why Plaintiff filed this motion to compel rather than attempting to obtain the records from Certik Media. Indeed, in correspondence with defense counsel regarding the disputed discovery, Plaintiff acknowledged that he would "proceed with third-party discovery, including subpoenas to Certik Media, to obtain the records relating to the telemarketing campaign, lead generation, and Plaintiff's enrollment." (Doc. 16-1 at p. 2).

Finally, as to Request No. 27, Defendants objected that it was overbroad, vague, and ambiguous and not likely to lead to discoverable or relevant evidence. The Court agrees. This case allegedly involves one phone contact between Plaintiff and All American. Plaintiff has failed to offer any explanation as to why he should be entitled to broadly discover documents "showing any revenue generated from telemarketing."

- 3 -

Accordingly, Plaintiff's motion to compel (Doc. 15) is **DENIED** in its entirety.

Pursuant to Rule 37(a)(5)(B), the Court "must, after giving an opportunity to be heard, require the movant . . . to pay the party . . . who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees[,]" unless the motion was "substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(B).

Accordingly, on or before **May 29, 2026,** Plaintiff shall show cause as to why the Court should not require Plaintiff to pay Defendants their reasonable expenses incurred in opposing Plaintiff's motion to compel.

**DONE** and **ORDERED** in Ocala, Florida on May 15, 2026.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:
Counsel of Record