MAY 29 2026 PM12:50
FILED - USDC - FLMD - ORL

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA

OCALA DIVISION

JAVEOUS INGRAM,

Plaintiff,

v. Case No.: 5:25-cv-00251-WWB-PRL

ALL AMERICAN LIFE INC.,

NAZAR HYLTON POWELL,

FARAZ BUTT, and

PETER AFFATATI, JR.,

Defendants.

______________________________________/

PLAINTIFF'S RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE WHY PLAINTIFF SHOULD NOT BE REQUIRED TO PAY DEFENDANTS' REASONABLE EXPENSES AND ATTORNEY'S FEES INCURRED IN RESPONDING TO PLAINTIFF'S DENIED MOTION TO COMPEL

Plaintiff Javeous Ingram, proceeding pro se, respectfully responds to the Court's May 15, 2026 Order requiring Plaintiff to show cause why he should not be

required to pay Defendants' reasonable expenses incurred in opposing Plaintiff's Motion to Compel. Plaintiff respectfully states as follows:

## I. Introduction

Plaintiff does not seek to reargue the Court's denial of the Motion to Compel. Plaintiff submits this response only to address whether expenses should be awarded under Federal Rule of Civil Procedure 37(a)(5)(B).

Plaintiff respectfully submits that expenses should not be awarded because the Motion to Compel was substantially justified when filed, was based on a genuine discovery dispute concerning vendor-related TCPA records, and was not filed for delay, harassment, bad faith, or unnecessary expense.

The Court denied the motion because Defendants represented that they did not possess the requested records and because the Court concluded that any such records, if they exist, would be business records of Certik Media. Doc. 17 at 2. The Court also noted that Plaintiff should have attempted to obtain the records from Certik Media and found that one revenue request was overbroad. Id. at 2–3.

Plaintiff respectfully accepts the Court's ruling and guidance. But the fact that the Court denied the motion does not mean the motion was frivolous, baseless, or sanctionable. The motion was filed because Defendants' own discovery position and produced materials identified a third-party marketing vendor involved in

generating consumer leads and inbound calls, which made the disputed discovery relevant to Plaintiff's TCPA and FTSA claims.

II. Legal Standard Under Rule 37(a)(5)(B)

Federal Rule of Civil Procedure 37(a)(5)(B) provides that when a motion to compel is denied, the Court must, after giving an opportunity to be heard, require the movant to pay the opposing party's reasonable expenses unless the motion was substantially justified or other circumstances make an award of expenses unjust.

"Substantially justified" does not mean that the moving party must ultimately prevail. Rather, the position must be justified to a degree that could satisfy a reasonable person or involve a genuine dispute as to the propriety of the discovery position. See Pierce v. Underwood, 487 U.S. 552, 565 (1988); Knight v. Miami-Dade County, 856 F.3d 795, 812 (11th Cir. 2017).

The Court's Order gave Plaintiff an opportunity to be heard on whether expenses should be awarded. Doc. 17 at 3.

III. Plaintiff's Motion Was Substantially Justified

Plaintiff's Motion to Compel was substantially justified because it was based on a genuine dispute over documents central to Plaintiff's TCPA and FTSA claims.

The disputed requests concerned call logs, outbound dialing reports, internal emails regarding calls to Plaintiff, and documents showing revenue generated from

telemarketing. Doc. 17 at 1–2. Those categories were not unrelated to the case. They concerned the alleged calls, the source of the lead, vendor involvement, call routing, campaign records, agency, ratification, and potential benefit from the call or lead.

Plaintiff's motion was based on Defendants' discovery position that All American retained Certik Media to generate consumer leads and inbound calls. Doc. 17 at 2. That fact was material to Plaintiff's theory because Plaintiff alleges that the calls involved health-insurance telemarketing, lead generation, transfer/enrollment activity, lack of prior express written consent, National Do Not Call Registry issues, and vendor-based liability.

Plaintiff also relied on discovery materials and exhibits, including Defendants' responses, the Certik Media Master Service Agreement, written correspondence concerning discovery deficiencies, and call/campaign tracking material. Plaintiff understood those materials to show that the call and lead activity were tracked, routed, or connected to the vendor campaign. Plaintiff therefore had a good-faith basis to believe that responsive call logs, lead records, CRM records, campaign records, communications, or payment-related records either existed or could be obtained through Defendants' relationship with the vendor.

The Court rejected Plaintiff's argument that Defendants should be compelled to produce records they represented they did not possess. Plaintiff accepts that ruling. The Court also stated that Plaintiff could not overcome Defendants' position by arguing that the records should exist, and that Plaintiff should have sought records from Certik Media directly. Doc. 17 at 2. Plaintiff respectfully submits that this ruling clarified the proper discovery path, but it does not make the Motion to Compel frivolous or filed without substantial justification.

Plaintiff's position was not that the records were irrelevant. The records sought went directly to the core issues in the case: who generated or routed the call, whether the call was part of a lead-generation campaign, whether consent records existed, whether the call was monetized or benefited Defendants, and whether any vendor acted for or on behalf of All American. Those issues are central to Plaintiff's TCPA and FTSA claims and to Defendants' anticipated defenses.

Plaintiff also acknowledges that the Court found the request for documents showing "any revenue generated from telemarketing" too broad. Doc. 17 at 2–3. Plaintiff did not intend to seek unrelated company-wide revenue. Plaintiff sought revenue or payment information tied to vendor-generated leads, Plaintiff's call, the Certik campaign, or the enrollment activity at issue. Plaintiff understands from the Court's ruling that any future revenue-related discovery must be more narrowly tied to Plaintiff, the call, the lead, the campaign, or the transaction at issue.

For these reasons, the motion was substantially justified even though it was denied.

IV. Other Circumstances Make an Award of Fees Unjust

Other circumstances also make an award of expenses unjust.

First, Plaintiff is an individual pro se litigant, but Plaintiff does not rely on pro se status alone. Plaintiff attempted to use the discovery process to obtain records he reasonably believed were central to his claims. Plaintiff's position was based on Defendants' acknowledgment of a vendor relationship and the existence of vendor-related materials, not on speculation alone.

Second, Plaintiff did not file the motion to delay the case, harass Defendants, or impose unnecessary expense. The motion was directed at specific discovery categories that Plaintiff believed were necessary to test Defendants' position that no responsive documents existed and to develop the facts concerning vendor involvement.

Third, the Court's order did not find that Plaintiff acted in bad faith. The order denied the motion because Defendants represented that they did not have the records, because Certik Media appeared to be the more direct source of any existing records, and because one request was too broad. Those reasons support denial of the motion, but they do not require a finding that fees are appropriate.

Fourth, Plaintiff has now served his responses to Defendants' interrogatories and requests for production and intends to proceed in the manner indicated by the Court's order by pursuing properly targeted third-party discovery from Certik Media, rather than refiling the same motion against Defendants.

Awarding fees under these circumstances would be unjust because the dispute involved a genuine disagreement over vendor-related discovery central to the claims and defenses, and Plaintiff has accepted the Court's guidance regarding the proper next step.

V. Plaintiff Acted in Good Faith

Plaintiff attempted to resolve the discovery dispute before filing the Motion to Compel. Plaintiff sent written correspondence identifying the discovery categories he believed were incomplete and requesting supplementation. Plaintiff also sent a final Rule 3.01(g) conferral email before filing the motion.

Plaintiff acknowledges that the Court was not persuaded by the motion and that the Court identified third-party discovery to Certik Media as the more appropriate path. Plaintiff will follow that guidance. Plaintiff will not renew the same motion against Defendants on the same grounds unless discovery later establishes a proper basis to do so.

Plaintiff respectfully submits that his actions show a good-faith effort to obtain discovery relevant to the case, not bad faith or an attempt to burden Defendants.

VI. Conclusion

For the foregoing reasons, Plaintiff respectfully requests that the Court find that Plaintiff's Motion to Compel was substantially justified, or alternatively that other circumstances make an award of expenses unjust, and decline to require Plaintiff to pay Defendants' expenses or attorney's fees under Rule 37(a)(5)(B).

To the extent the Court is inclined to award any expenses, Plaintiff respectfully requests that the Court first require Defendants to submit an itemized statement of the expenses claimed and allow Plaintiff an opportunity to object to the reasonableness, necessity, and amount of any requested fees or costs.

Plaintiff respectfully requests that the Court discharge the Order to Show Cause.

Respectfully submitted,

Dated: May 29, 2026

/s/ Javeous Ingram

JAVEOUS INGRAM

Plaintiff, Pro Se

113 Shiloh Ave

Lady Lake, FL 32159

Telephone: 689-207-7415

Email: jblack20250@gmail.com

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 24 day of May, 2026, I served a true and correct copy of the foregoing by email to counsel for Defendants:

Michael J. Lober

Lober & Dobson, LLC

1197 Canton Street

Roswell, GA 30075

Email: mjlober@lddlawyers.com

/s/ Javeous Ingram

JAVEOUS INGRAM

CERTIFICATION REGARDING GENERATIVE ARTIFICIAL INTELLIGENCE

Plaintiff certifies that generative artificial intelligence was used to assist in drafting this filing. Plaintiff personally reviewed the filing for accuracy and is responsible for the content of the filing.