**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

**JAVEOUS INGRAM,**

>   Plaintiff,

**v.**                                                    **Case No: 5:25-cv-251-WWB-PRL**

**ALL AMERICAN LIFE INC.,**

>   Defendants.

_____

**ORDER**

On May 15, 2026, the Court denied Plaintiff's motion to compel and provided Plaintiff an opportunity to show cause why the Court should not require Plaintiff to pay Defendants their reasonable expenses incurred in opposing Plaintiff's motion to compel. (Doc. 17). Plaintiff filed a response. (Doc. 18).

Pursuant to Rule 37(a)(5)(B), Fed.R.Civ.P., the Court "**must**, after giving an opportunity to be heard, require the movant . . . to pay the party . . . who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees" unless the motion was "substantially justified or other circumstances make an award of expenses unjust."

In his response, Plaintiff contends that his motion to compel was substantially justified because "it was based on a genuine dispute over documents central to Plaintiff's TCPA and FTSA claims." The Court disagrees. Indeed, Plaintiff's motion

to compel turned on his refusal to accept Defendants' representation that they had no responsive documents and Plaintiff's unsubstantiated position that documents simply should exist. Moreover, Plaintiff inexplicably proceeded with the motion to compel even though he was aware that he could seek third-party discovery from Certik Media.

Also unpersuasive is Plaintiff's position that an award of expenses would be unjust. As an initial matter, Plaintiff's pro se status does not immunize him from the imposition of sanctions. The Eleventh Circuit has held that pro se litigants are "subject to sanctions like any other litigant." *Smith v. Atlanta Postal Union*, 350 Fed.Appx. 347, 350 (11th Cir. 2009). Likewise, unlike sanctions imposed pursuant to the court's inherent powers, Rule 37 fee awards do not require a finding of bad faith. *Id.* Finally, the fact that Plaintiff claims he did not have bad intentions in filing the motion to compel and that he now intends to pursue third-party discovery from Certik Media does not change the fact that Defendant's were forced to incur expenses in filing a response to his frivolous motion.

Accordingly, Plaintiff is hereby ordered to pay Defendants the reasonable expenses and attorney's fees incurred by Defendants in preparing and filing their response to Plaintiff's motion to compel. Defendants shall submit within **ten days** of the date of this Order an affidavit detailing the reasonable expenses and fees incurred in preparing and filing the response. To the extent that Plaintiff objects to the amount of expenses and fees claimed by Defendants, Plaintiff shall file a response within **ten days** of service of Defendants' affidavit. Upon receipt of Defendants' affidavit and any

- 2 -

- 3 -

objections by Plaintiff, the Court will enter an appropriate award or, if necessary, set the matter for an evidentiary hearing.

DONE and ORDERED in Ocala, Florida on June 2, 2026.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:
Counsel of Record