**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

**JAVEOUS INGRAM,**

    **Plaintiff,**

**v.**                                              **Case No: 5:25-cv-251-WWB-PRL**

**ALL AMERICAN LIFE INC., et al.,**

    **Defendants.**

_____

#### ORDER

On May 15, 2025, the Court denied Plaintiff's motion to compel discovery responses (Doc. 17) and subsequently ordered Plaintiff to pay to Defendants the reasonable expenses and attorney's fees incurred by counsel in preparing and filing their response to Plaintiff's motion to compel (Doc. 19). The Court directed Defendants to file an affidavit supporting the request for fees and expenses and permitted Plaintiff to file a response in opposition 10 days thereafter. (Doc. 19). As directed, Defendants filed the Affidavit of Faraz Butts and Declaration of Michael Lober (Doc. 20). Plaintiff filed a response in opposition. (Doc. 21).

While the Court has determined that the Defendants have a right to recover attorney's fees associated with defending against Plaintiff's motion to compel, the Court has a corresponding duty to ensure that such an award is reasonable. In determining a reasonable award of attorney's fees, the Court applies the federal lodestar approach, which is calculated by multiplying the number of hours reasonably expended on the litigation by the reasonable hourly rate for the services provided by counsel for the prevailing party. *See Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994) (per curiam). "[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and

hourly rates." *Hensley v. Eckerhart,* 461 U.S. 424, 437 (1983). "Ultimately, the computation of a fee award is necessarily an exercise of judgment, because '[t]here is no precise rule or formula for making these determinations.'" *Villano v. City of Boynton Beach*, 254 F.3d 1302, 1305 (11th Cir. 2001) (quoting *Hensley*, 461 U.S. at 436). Additionally, the Court is "an expert on the question [of attorney's fees] and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *See Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988) (quoting *Campbell v. Green*, 112 F.2d 143, 144 (5th Cir. 1940)).

Here, Defendants seek to recover $1,880.00 in attorney's fees for work performed by Michael J. Lober and a paralegal in preparing and filing the response to Plaintiff's motion to compel. Plaintiff has objected to the number of hours expended, as well as the requested hourly rates.

First, the Court must determine the number of hours reasonably expended on the litigation. Counsel must exercise proper "billing judgment" and exclude hours that are "excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434. If fee applicants do not exercise billing judgment, courts "are obligated to do it for them, to cut the amount of hours for which payment is sought, pruning out those that are 'excessive, redundant, or otherwise unnecessary.'" *See ACLU of Georgia v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999). When a court finds the number of hours billed to be unreasonably high, a court has two choices: it may review each entry and deduct the unreasonable time, or it may reduce the number of hours by an across-the-board cut. *See Bivins v. Wrap It Up, Inc.,* 548 F.3d 1348, 1350 (11th Cir. 2008).

Defendants seek compensation for 3.80 hours spent by Mr. Lober and 0.5 hours spent by the paralegal. In his Declaration, Mr. Lober explains that Defendants are not seeking to recover for all time reflected on the redacted billing statement—i.e., time spent reviewing the Court's Order, responding to Plaintiff's request to file a reply brief, and preparing Mr. Butt's affidavit and Mr. Lober's declaration. This leaves the following time entries for Mr. Lober:

| 4/15/2026 | review motion to compel filed by Plaintiff and conferral emails and original discovery responses | 0.20 |
|---|---|---|
| 4/25/2026 | review, research and draft response to Plaintiff's motion to compel | 2.80 |
| 4/27/2026 | Review and revise brief, check citations and shepardize, review redacted exhibits | 0.80 |

And 0.50 hours for a paralegal for "edit, format, prepare exhibits and file response to MTC." The Court finds the time expended by Mr. Lober and the paralegal to be reasonable. Indeed, counsel exercised billing judgment and only seeks to recover for time specifically focused on preparing and filing Defendants' response to the motion to compel.

As for hourly rates, Defendants request $475.00 per hour for Michael J. Lober, Esq., a partner with Lober & Dobson, LLC, with more than 35 years of litigation experience, and $150.00 per hour for paralegal time. A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation. *See Norman*, 836 F.2d at 1299. The applicant bears the burden of producing satisfactory evidence that the requested rate is in line with the prevailing market rates. *See id*. The trial court itself is an expert on the question of the reasonableness of fees and may consider its own knowledge and experience. *See id.* at 1303.

While Mr. Lober avers that these rates are "in line with (if not lower) than normal billing rates" in the Middle District of Florida, the Court finds them unreasonably high based on its own familiarity with the prevailing market rate in the Ocala Division for similar cases. Indeed, the Court is not persuaded that a $475.00 hourly rate is justified for a response to a motion to compel that did not raise any novel or complex factual or legal issues and was drafted using generative AI. *See Jenkinson v. Experian Information Solutions, Inc.*, No. 5:23-cv-579, 2024 WL 4956739, at *3 (M.D. Fla. Dec. 3, 2024) (reducing requested hourly rate from $325 to $300 where motion to compel did not raise any novel or complex issues and could have been prepared by a first-year associate); *Pruco Life Ins. Co. v. Howen*, No. 2:23-cv-54-SPC-NPM, 2024 WL 1417406, at *1-2 (M.D. Fla. Apr. 2, 2024) (reducing hourly rate from $425 to $300 where there was no detail or explanation for the requested rate on a routine motion to compel); *Roskovensky v. Sanibel Captiva Island Vacation Rentals, LLC*, No. 2:22-cv-602-JLB-NPM, 2024 WL 474123, at *1-2 (M.D. Fla. Feb. 7, 2024) (reducing hourly rate to $250 for a routine motion to compel).

Based on the Court's experience and familiarity with rates in the Ocala Division and the Middle District of Florida, the Court finds that an hourly rate of $300 for Mr. Lober is reasonable. The Court finds that the requested hourly rate for paralegal time of $150 is consistent with normal billing rates in the Ocala Division.

Accordingly, within **10 days** of this Order, Plaintiff shall remit to Defendants' counsel **$1,215.00**,[1] which represents Defendants' reasonable attorney's fees and expenses incurred in the preparation and filing of the response to Plaintiff's motion to compel.

---

[1]      3.8 hours x $300 = $1,140.00
0.5 hours x $150 = $75.00

- 5 -

**DONE** and **ORDERED** in Ocala, Florida on June 26, 2026.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties